IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-10-D-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEROME REID, | ) | |
| | ) | |
| Defendant. | ) | |

On October 1, 2012, pursuant to a written plea agreement, Jerome Reid ("Reid") pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. See [D.E. 56, 57, 194]. On July 16, 2013, the court held Reid's sentencing hearing. See [D.E. 164, 168, 193]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 193] 4–5. The court calculated Reid's offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to 365 months' imprisonment. See Sentencing Tr. at 5. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Reid to 180 months' imprisonment. See id. at 10–14. Reid appealed. On August 6, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Reid, 581 F. App'x 196 (4th Cir. 2014) (per curiam) (unpublished).

On December 30, 2015, Reid moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 252]. Reid's new advisory guideline range is 235 to 293 months' imprisonment, based on a total offense level of 33 and a criminal history

category of VI. See Resentencing Report. Reid requests a 146-month sentence. See id.; [D.E. 252]. On March 4, 2016, the government responded. See [D.E. 254].

The court has discretion under Amendment 782 to reduce Reid's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Reid's sentence, the court finds that Reid engaged in serious criminal behavior. See PSR ¶¶ 13–22. Moreover, Reid is a violent recidivist and has convictions for felony forgery (six counts), felony uttering (two counts), communicating threats, breaking and entering (seven counts), larceny, trafficking in cocaine, attempted possession of cocaine, possession of stolen goods or property, and assault on a government official/employee. See PSR ¶¶ 25–44. Reid has also performed poorly on supervision. See id. ¶¶ 35–37, 39, 40–42. Nonetheless, while incarcerated, Reid has not sustained any disciplinary infractions. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Reid received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Reid's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Reid's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at

2

1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Reid's motion for reduction of sentence [D.E. 252].

SO ORDERED. This 17 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge