IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-00010-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEROME REID, | ) | |
| | ) | |
| Defendant. | ) | |

On June 1, 2021, Jerome Reid ("Reid" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 266].[1] On July 31, 2021, Reid, through counsel, filed a memorandum in support of his motion for compassionate release [D.E. 271]. On August 13, 2021, the United States responded in opposition [D.E. 272]. As explained below, the court denies Reid's motion.

I.

On October 1, 2012, pursuant to a written plea agreement, Reid pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine. See [D.E. 1, 56, 57, 194]. On July 16, 2013, the court held Reid's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 82]; Sentencing Tr. [D.E. 193] 4–5. The court calculated Reid's offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to 365 months' imprisonment.

---

[1] The court directs the clerk to seal Docket Entry 269. That memorandum concerns a defendant other than Reid and was mistakenly filed on this docket.

See Sentencing Tr. at 5. After granting the government's motion for a downward departure and thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Reid to 180 months' imprisonment. See id. at 10–14. Reid appealed. On August 6, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Reid, 581 F. App'x 196 (4th Cir. 2014) (per curiam) (unpublished).

On December 30, 2015, Reid moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 252]. The court calculated Reid's new guideline range to be 235 to 293 months' imprisonment, based on a total offense level of 33 and a criminal history category of VI. See Order [D.E. 257] 1–2. The court considered the entire record, all relevant policy statements, and reexamined the relevant factors under 18 U.S.C. § 3553(a). See id. at 2. The court concluded that Reid's original sentence was sufficient, but not greater than necessary, under 18 U.S.C. § 3553(a) and denied Reid's motion. See id. at 2–3.

On June 1, 2021, Reid moved for compassionate release [D.E. 266]. The government opposes the motion [D.E. 272].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have

2

served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states that

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I) suffering from a serious physical or medical condition,

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
> 
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

4

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Reid seeks compassionate release. See [D.E. 266, 271]. Reid sought administrative relief before filing his motion for compassionate release. See [D.E. 271] 2; [D.E. 266-1]. The government has not invoked section 3582's exhaustion requirement. See United States v. Muhammad, No. 20-7520, 2021 WL 4888393, at *3 (4th Cir. Oct. 20, 2021). Accordingly, the court assumes Reid has exhausted his administrative remedies and considers his motion on the merits. See id.

Reid seeks compassionate release pursuant to section 3582(c)(1)(A). Reid's motion is nearly

5

baseless. Reid cites no health conditions that warrant release; therefore, the "medical condition of the defendant" policy statement does not apply. See U.S.S.G. § 1B1.13 cmt. n.1(A). Reid is 59 years old; therefore, the "age of the defendant" policy statement does not apply. See U.S.S.G. § 1B1.13 cmt. n.1(B). Reid cites no family circumstances that warrant relief under the "family circumstances" policy statement. See U.S.S.G. § 1B1.13 cmt. n.1(C).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic is an extraordinary and compelling reason under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). At the same time, Reid has already contracted and recovered from a mild, asymptomatic case of COVID-19, thus obtaining natural antibodies. See [D.E. 272] 4; [D.E. 272-1] 19–20. Moreover, Reid is fully vaccinated against COVID-19. See [D.E. 272-1] 75; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); see also United States v. Baeza-Vargas, No. No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *3–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts denying compassionate release when an inmate is vaccinated against COVID-19). Regardless, the section 3553(a) factors weigh heavily against reducing Reid's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Reid is 59 years old and is incarcerated for conspiracy to distribute and possess with the

6

intent to distribute 500 grams or more of cocaine. See PSR ¶¶ 1–3. Over the course of his multi-year drug trafficking conspiracy, Reid distributed 74.79 kilograms of cocaine and 185.08 grams of crack cocaine. See id. ¶¶ 13–22. Reid maintained a dwelling for the purpose of furthering his drug trafficking activities. See id. ¶¶ 22, 75. Reid is a violent recidivist with a terrible criminal history, including convictions for felony forgery (six counts), felony uttering (two counts), misdemeanor breaking and entering (two counts), felony breaking and entering (ten counts), felony larceny after breaking and entering, felony larceny, felony trafficking cocaine by possession, felony attempted cocaine possession, felony possession of stolen goods or property, and misdemeanor assault on a government official or employee. See id. ¶¶ 25–82. Reid has performed poorly on supervision. See id. ¶¶ 35, 39–40, 42. While incarcerated on his federal sentence, Reid has incurred one infraction and has worked for UNICOR for three years. See [D.E. 266] 14; [D.E. 271] 6.

The court has also considered Reid's potential exposure to COVID-19, rehabilitative efforts,[3] and release plan. See [D.E. 205] 8; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court recognizes Reid has a supportive family who would help him if released. See [D.E. 266] 14–15; [D.E. 271] 6. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Reid's arguments, the government's persuasive response, and the need to punish Reid for his serious criminal behavior, to incapacitate Reid, to promote respect for the law, to deter others, and to protect society, the court denies Reid's motion for compassionate release. See, e.g., Chavez-Meza v. United

---

[3] The court notes and takes into account Reid's argument that he has been unable to take education or vocational courses during the COVID-19 pandemic. See [D.E. 271] 6. At the same time, the court sentenced Reid in 2013, long before the pandemic, and Reid has provided the court with few details of his rehabilitative efforts pre-pandemic other than his work history with UNICOR. See id.; [D.E. 266] 14; cf. [D.E. 272-2].

7

States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

Reid also seeks relief (again) under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 266]. The court already considered and rejected Reid's motion seeking such relief. See Order [D.E. 257]. The court recognizes that it has discretion to reduce Reid's sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574–75 (4th Cir. 2016). The court has reviewed the record, Reid's arguments, and the relevant 18 U.S.C. § 3553(a) factors. The court denies Reid's motion for relief under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782, affirming its previous conclusion that Reid's original sentence was sufficient, but not greater than necessary, under 18 U.S.C. § 3553(a).

II.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 266].

SO ORDERED. This 5 day of November, 2021.

JAMES C. DEVER III
United States District Judge